UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| WALTER HOSKINS, III., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 12-1046 |
| | ) |
| RICARDO RIOS, Warden, | ) |
| | ) |
| Respondent. | ) |

**O R D E R**

This matter is now before the Court on Petitioner Walter Hoskins, III.'s ("Hoskins") Pro Se Habeas Corpus Petition Under 28 U.S.C. § 2241 (ECF No. 1). For the reasons set forth below, Hoskins' Petition (ECF No. 1) is DENIED.

**BACKGROUND**

On January 31, 2006, a federal jury in the District Court for the Northern District of Iowa found Hoskins guilty of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (ECF No. 9-1 at 11). Before he was sentenced, a presentence report ("PSR") was prepared which determined Hoskins was an Armed Career Criminal who was thereby subject to an enhanced sentence pursuant to 18 U.S.C. §924(e). (ECF No. 10, ¶28). Specifically, the PSR reported four prior convictions which counted as a "violent felony" or "serious drug offense:"

> A. On January 22, 1991, the defendant was convicted of two counts of Delivery of Cocaine in Black Hawk County, Iowa, Case No. D7X024362.

> B. On April 19, 1996, the defendant was convicted of one count of Possession of a Controlled Substance, With Intent to Deliver and one count of Failure to Affix Drug Tax Stamp in Black Hawk County, Iowa, Case No. FECR055919.

> C. On July 31, 1997, the defendant was convicted of Possession of a Controlled Substance with the Intent to Deliver - Habitual Offender in Black Hawk County, Iowa, Case No. FECR066613.

>D. On October 19, 2004, the defendant was convicted of one count of Possession of Cocaine Base With Intent to Deliver as a Habitual Felony Offender and as a Second or Subsequent Drug Offender and one count of Possession of Salt Cocaine with Intent to Deliver as a Habitual Felony Offender and as a Second or Subsequent Drug Offender in Black Hawk County Case No. (FE)SRCR116770.

(ECF No. 10, ¶28). Due to his armed career criminal status, Hoskins was determined to be at an offense level of 33 (ECF No. 10, ¶29) and a Criminal History Category VI. (ECF No. 10, ¶59). Given his offense level and Criminal History Category, Hoskins' guideline range was calculated as 235 to 293 months. (ECF No. 10, ¶81). On July 28, 2006, the District Court for the Northern District of Iowa sentenced Hoskins to 235 months of imprisonment and 5 years of supervised release. (ECF No. 9-1 at 11). The Court ordered Hoskins' federal sentence to be served consecutively to his prior undischarged terms of imprisonment for two state court cases. (ECF No. 9-1 at 11).

On August 7, 2006, Hoskins' counsel Casey Jones ("Jones") filed a notice of appeal. (ECF No. 9-1 at 11). Jones later moved to withdraw and submitted a brief under *Anders v. California*, 386 U.S. 738 (1967). On November 30, 2007, the Eighth Circuit concluded there was sufficient evidence to support Hoskins' conviction and that Hoskins' sentence, "which was at the bottom of the properly calculated advisory Guidelines range, [was] not unreasonable… [and there was] no abuse of discretion in the court's decision to impose the federal sentence consecutively to an undischarged state sentence." *United States v. Hoskins*, 256 Fed. Appx. 896, 898 (8th Cir. 2007). Finding there were "no non-frivolous issues for appeal," *United States v. Hoskins*, 256 Fed. Appx. 896, 898 (8th Cir. 2007), the Eighth Circuit granted Jones' motion to withdraw and affirmed the judgment of the district court. Hoskins did not file a petition for writ of certiorari with the Supreme Court. (ECF No. 9-1 at 3).

On June 25, 2008, Hoskins filed a *pro se* motion under 28 U.S.C. § 2255. (ECF No. 9-1, 3-9). Therein, Hoskins argued: 1) his counsel provided ineffective assistance because counsel failed to interview and call three individuals as witnesses at trial; 2) his counsel provided ineffective assistance because counsel failed to file a motion for a new trial; and 3) the evidence at trial was insufficient to support his conviction. (ECF No. 9-1 at 5). In its initial review of the motion, the district court dismissed Hoskins' second ineffective of assistance claim, finding that "in order to accept his claim, it would be necessary to disturb issues conclusively resolved in his direct appeal or factual determinations and credibility assessments made by the court during trial." (ECF No. 9-1 at 16). The district court dismissed Hoskins' claim that the evidence did not support a conviction for being a felon in possession of a firearm, finding that the Eighth Circuit "[o]n direct appeal… had already addressed [that claim] and found it to be unavailing." (ECF No. 9-1 at 16). The district court then directed the Government and Hoskins to respond to his remaining claim.

On May 2, 2011, the district court denied Hoskins' motion, concluding "that the conduct of counsel fell within a wide range of reasonable professional assistance, and counsel's performance did not prejudice the movant's defense." (ECF No. 9-1 at 26) (internal citations and quotations omitted). In doing so, the court held "even with the testimony from the three witnesses who were confined at the same institution as the movant, nothing undermines the corroborating testimony of the two probation/parole officers who saw the handgun on defendant's bed or the officer's testimony that revealed what the defendant said to him." (ECF No. 9-1 at 26). The court concluded that Hoskins' new arguments that he was entitled to an evidentiary hearing and that his trial counsel was deficient by not objecting to the use of

3

evidence[1] which constituted a *Doyle v. Ohio*, 426 U.S. 610 (1976),[2] violation were "untimely and [did] not sufficiently relate back to his original claims." (ECF No. 9-1 at 26).  The Court denied Hoskins a certificate of appealability. (ECF No. 9-1 at 28).  On August 22, 2011, the Eighth Circuit dismissed Hoskins' appeal and denied him a certificate of appealability. (ECF No. 9-1 at 30).

Hoskins, an inmate in the Federal Correctional Institution located in Pekin, Illinois, now brings the instant motion pursuant to 28 U.S.C. § 2241 (ECF No. 1) and raises essentially two issues.  In Claims One, Three, and Four Hoskins argues that he is actually innocent of his armed career criminal sentencing enhancement because one or more of his prior convictions do not qualify as a violent felony under *Begay v. United States*, 128 S.Ct. 1581 (2008).  However, in his Reply Hoskins states that he "erronously [sic] assumed that he was considered a 'violent offender' because of his drug offenses" and "concedes that the Respondent is in fact correct that his claims 1, 3 and 4, are without merit as he was not enhanced as a 'violent offender but rather as a 'serious drug offender." (ECF No. 11 at 1).

In Claim Two,[3] Hoskins argues he received ineffective assistance of counsel because Jones filed an *Anders* brief rather than challenging two of his predicate convictions.  Hoskins claims that he "advised his trial counsel of [his] state attorney's failure to file appeal's [sic]… [but his] federal trial attorney Casey Jones failed to investigate these unconstitutional conviction's [sic] in which he could have used to object to the enhancement (A.C.C.A.) being used against the petitioner." (ECF No. 11 at 2).  In his Reply, Hoskins admits that he did not

---

[1] Hoskins asserted that "his trial counsel was deficient resulting in prejudice to him, when he failed to object to testimony elicited by the attorney for the Government from Police Officer Willie Washington which established that [Hoskins] refused to answer the officer's questions about the perceived possession of a gun by [Hoskins.]" (ECF No. 9-1 at 22).

[2] In *Doyle*, the Supreme Court held that the prosecution may not impeach a defendant with his post-*Miranda* warnings silence because those warnings carry an implicit "assurance that silence will carry no penalty." *Doyle*, 426 U.S. at 618.

[3] Hoskins further clarified this claim in his Addendum. *See generally* (ECF No.8)

raise this particular claim in his initial § 2255 motion because "not being trained counsel, [he] merely forgot to include this." (ECF No. 11 at 3). Hoskins later retained attorney Robert Montgomery ("Montgomery") after the district court's initial review and winnowing of Hoskins' habeas claims. Hoskins asserts that he "advised Mr. Montgomery to add [the ineffective assistance of state counsel] claim to his petition," (ECF No. 11 at 3), but that "it would subsequently be revealed to [Hoskins] that Mr. Montgomery **did not** follow through with [his] wishes." (ECF No. 11 at 3) (emphasis in original). Hoskins argues that the Supreme Court's decision in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), militates in his favor. Hoskins claims that his counsel in two of his predicate convictions failed to appeal those convictions, thereby enhancing his sentence for being a felon in possession which amounts to a "substantial claim" within the meaning of *Martinez.*

## STANDARD

A motion seeking relief under 28 U.S.C. § 2255 is the presumptive means by which a federal prison can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974); *Morales v. Bezy*, 499 F.3d 668, 670 (7th Cir. 2007). A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a defendant is challenging the fact or duration of his confinement. *Alhassan v. Hagee*, 424 F.3d 518, 521-522 (7th Cir. 2005). A petition challenging the conviction may be brought pursuant to section 2241 only if section 2255 "would not… be[] adequate to test the legality of the conviction and sentence." *Melton v. United States*, 359 F.3d 855, 858 (7th Cir. 2004); 28 U.S.C. § 2255(e).

A petitioner cannot use section 2241 as a means to circumvent the bar on successive section 2255 petitions simply because he is unhappy with that result. *See In re Davenport,* 147 F.3d 605, 609 (7th Cir. 1998). A remedy under section 2255 is "inadequate or ineffective to test

the legality of [the] detention" when a legal theory that could not have been presented under section 2255 establishes the petitioner's actual innocence. *In re Davenport*, 147 F.3d 605 (7th Cir. 1998). "A procedure for post-conviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). "The essential point is that a prisoner is entitled to one unencumbered opportunity to receive a decision on the merits." *Potts v. United States*, 210 F.3d 770 (7th Cir. 2000). A petitioner seeking relief under section 2241 has the burden of "demonstrat[ing] the inability of a Section 2255 motion to cure the defect in the conviction." *Czeck v. Revell*, No. 05-652-GPM, 2005 U.S. Dist. LEXIS 23175 (S.D. Ill. Oct. 6, 2005).

## DISCUSSION

The Court must first consider whether Hoskins may bring the instant petition under section 2241, as section 2255 is generally the only avenue available to a federal inmate challenging his conviction or sentence. In this case, Hoskins is clearly not attempting to challenge the circumstances of his confinement. Rather, he is attempting to use section 2241 as a vehicle for raising a second or successive collateral attack on his conviction and sentence.

Initially, the Court notes that Hoskins' invocation of *Martinez* is inapplicable to the instant case. In *Martinez*, the Supreme Court held that "inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Martinez v. Ryan*, 132 S. Ct. 1309, 1315 (2012). While *Martinez* may be used in certain instances to excuse a petitioner's procedural default, it does not apply to Hoskins' petition because, although it is captioned as a section 2241 petition, it attacks

the imposition of his sentence. The Seventh Circuit has held that "any post-judgment motion in a criminal proceeding that fits the description of § 2255 is a motion under § 2255, and that the second (and all subsequent) of these requires appellate approval." *United States v. Evans*, 224 F.3d 670, 672 (7th Cir. 2000).

As indicated above, Hoskins admits that he is not "actually innocent" of his armed career criminal status. Hoskins claims he "was wrongly informed by a 'jail house' lawyer that he was enhanced as a 'violent offender,'" (ECF No. 11 at 1), and concedes that his actual innocence claims are without merit. Hoskins' remaining argument perhaps best can be characterized as a veritable matryoshka doll of ineffective assistance of counsel. Hoskins claims the attorneys who represented him during his underlying state convictions[4] were ineffective because they failed to file an appeal, that counsel representing him during the felon in possession conviction failed to investigate those convictions which "could have [been] used to object to the enhancement (A.C.C.A)," (ECF No. 11 at 2), that Hoskins "forgot to include [this claim]," (ECF No. 11 at 3), in his initial section 2255 motion but "subsequently hired Mr. Montgomery… [who] failed to raise this issue or amend my § 2255 to include this issue." (ECF No. 11 at 11).

Relief under section 2255 would have been adequate for the ineffective assistance of counsel argument Hoskins now advances. Section 2255 is not inadequate simply because the statute places severe restrictions on the filing of second of successive section 2255 motions – "otherwise, § 2241 would be an all-too-convenient means of circumventing the second-or-successive restrictions in § 2255(h)." *Hernandez v. Federal Correctional Inst.*, No. 08-C-499, 2008 U.S. Dist. LEXIS 52156 (E.D. Wis. June 10, 2008). Hoskins does not claim that the charged conduct is no longer a crime – he abandoned his "actual innocence" claims is they relate to his armed career criminal enhancement. Instead, he challenges the constitutionality of his

---

[4] Case Nos. FECR055919 and FECR066613 comprising subparagraphs A and B of Hoskins' PSR.

sentence by bringing an ineffective assistance of counsel claim.  Because this challenge is not cognizable in a section 2241 petition and Hoskins does not indicate any circumstances which permit or justify the use of that remedy, his petition for writ of habeas corpus (ECF No. 1) is DENIED.

Entered this <u>15th</u> day of February, 2013.

   <u>/s/  Michael M. Mihm</u>
Michael M. Mihm
United States District Judge